## Delaware County Regional Water Control Authority v. Swerdloff

*Alvin S. Ackerman,* for plaintiff.
*Harry F. Dunn Jr.,* for defendant.

KELLY, *J.,* February 6, 1987 — This is an action brought to collect for sewer services provided to defendant, the owner of an 80-unit housing complex in the city of Chester. Plaintiff proved that since 1978 defendant fell behind in making sewer payments and that by 1985 the balance due on his account amounted to $54,812.09, according to the rates charged by plaintiff. Plaintiff also sought $9,266.64 in penalties and interest on the late pay-

ments. The court entered a verdict for plaintiff in the amount of $54,812.09.

Defendant filed exceptions contending that this verdict is against the weight of the evidence presented at trial.

Plaintiff filed exceptions contending that the court erred in failing to include the claimed interest and penalties in the verdict.

Defendant's major contention at trial was that the rates charged were improper. Plaintiff's sewer rates are based on the amount of water supplied by the water company to the user under the theory that the sewer use is proportional to the amount of water received.

Plaintiff argued at trial that this was an unfair way to charge for sewer services. In support of this argument, defendant speculated that there were underground leaks in the pipes on his property and some large percentage of the water he bought did not make its way into the sewer system.

The burden of proof is on defendant to show that plaintiff's rate system was not proper. *Vener v. Municipal Sewer and Water Authority of Cranberry Township*, 5 Pa. Commw. 123, 126, 289 A.2d 506, 508 (1972). The court's review of the validity of a sewer rate system is limited to a determination of whether or not there has been a manifest and flagrant abuse of discretion or an arbitrary establishment of the rate system. *Turley v. North Huntingdon Township Municipal Authority*, 5 Pa. Commw. 116, 121, 289 A.2d 509, 512 (1972).

It has been held that a rate system based on water consumption is proper, unless a particular user can show that a substantial portion of the metered water entering the premises does not reach the sewer system. *Philadelphia Petition*, 343 Pa. 47, 50, 56, 21 A.2d 876, 878, 881 (1941); *Bloomsburg Municipal*

*Authority v. Bloomsburg Cooperative Conners Inc.*, 203 Pa. Super. 393, 396, 199 A.2d 502, 504 (1964).

Defendant's speculation that water was leaking underground, without any evidence thereof, is not sufficient to meet his burden of proof that the rate system was unfair to him. Thus, the verdict was not against the weight of the evidence, and defendant's exceptions will be dismissed.

The remaining issue is plaintiff's contention that the amount claimed as penalties and interest should have been made part of the verdict.

In 53 P.S. §306 B. (h) sewer authorities are authorized to collect "rates and other charges." These "other charges" that plaintiff is authorized to collect include interest and penalties. *Falls Township Authority v. Penn Parks Inc.*, 61 D.&C.2d 533, 539 (1972). Therefore the court will sustain plaintiff's exceptions.

## ORDER

And now, this February 6, 1987, upon consideration of the exceptions filed by plaintiff and defendant it is hereby ordered and decreed that:

(1) The exceptions of defendant are dismissed.

(2) The exceptions of plaintiff are sustained and the verdict is amended to award plaintiff $9,266.64 in interest and penalties.